John Kaempf, OSB #925391
KAEMPF LAW FIRM PC
1050 S.W. Sixth Avenue
Suite 1414
Portland, Oregon  97204
Telephone: (503) 224-5006
Email: john@kaempflawfirm.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HORIZON CHRISTIAN SCHOOL, an Oregon nonprofit corporation; LIFE CHRISTIAN SCHOOL, an assumed business name; JOHN MONTANG, an individual; LYNN MONTANG, an individual, SARAH RODRIGUEZ, an individual; REGINA MICHELINE, an individual; JASON NISSEN, an individual; TRACIE NISSEN, an individual; DAN ALDER, an individual; DOMINIQUE BAYNES, an individual; ALEXANDER JONES, an individual; ASHLEY CADONAU, an individual; JARROD LEVESQUE. an individual; and ROBIN LEVESQUE. an individual;** | Civil No.  3:20-cv-01345<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF)** |
| **Plaintiffs,** | |
| **v.** | |
| **KATE BROWN, GOVERNOR OF THE STATE OF OREGON, in her official capacity only,** | |
| **Defendant**. | |

Page 1 - PLAINTIFFS' FIRST AMENDED COMPLAINT

## INTRODUCTION

1.       Plaintiffs are Christian nonprofit schools located in Oregon, and individuals residing in Portland whose children attend Christian schools in Portland.

2.       In March through June of 2020, Defendant, Governor Kate Brown, issued Executive Orders ("EOs") in response to the novel coronavirus outbreak ("COVID-19") pandemic, purportedly to protect Oregon's public health, safety and welfare.

3.       Defendant claimed powers to enact such Orders as set forth under certain Oregon statutes.

4.       All of Defendant's actions that have deprived Plaintiffs of rights under the U.S. Constitution and the Oregon Constitution have been taken under color of law.

5.       Plaintiffs bring this action on behalf of themselves, their students, the parents and guardians of their students, and the employees of the plaintiff schools.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over this civil rights action because it raises federal questions under the United States Constitution, specifically the First and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983.

7.       This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant resides in this District.

9.       This Court has authority to grant the requested declaratory relief under 28 U.S.C. §§ 2201 and 2202, the requested injunctive relief under 28 U.S.C. § 1343, and FRCP

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon 97204
Telephone: 503-224-5006

65, and reasonable attorneys' fees and costs under 42 U.S.C. §§ 1988 and 1920.

10.    The Court also has supplemental jurisdiction of all claims herein under 28

U.S.C. § 1367(a), and *Ex parte Young*, 209 US 123 (1908) (a plaintiff alleging a violation of

federal law may seek prospective injunctive relief against a responsible state official).

## PARTIES

11.    Plaintiff Horizon Christian School "HCS" is a nonprofit corporation and

private Christian school located in Hood River County, Oregon.

12.    Plaintiff Life Christian School "LCS" is a private Christian school located in

Washington County, Oregon.

13.    The individual plaintiffs are Portland residents and the parents of children who

attend religious schools in Portland.

14.    Defendant, named in her official capacity only, is the Governor of the State of

Oregon, is generally charged with enforcing the laws of Oregon, and issued EOs related to

COVID-19 between March and June 2020, and related Guidance thereafter.

## FACTS

15.    On March 17, 2020, Defendant issued EO 20-08 closing all K-12 public

schools through the end of March.  Private schools were allowed to remain open.  EO 20-08

was subsequently rescinded effective April 28, 2020 by EO 20-20.

16.    On April 23, 2020, Defendant issued EO 20-20 which continued suspension of

in-person public and private K-12 instructional activities and the provision of school-based

services unless such instruction is otherwise permitted in this order or through directives

issued by the Oregon Department of Education (ODE).  The order provided for public

Page 3 - PLAINTIFFS' FIRST AMENDED COMPLAINT

schools to receive full funding to pay teacher salaries; effectively eliminating any financial incentive to reopen.  Private religious schools do not receive such funding and remain financially vulnerable.  This order was reiterated by EO 20-30 and remains in effect.  EO 20-27 directs all K-12 schools to comply with EO 20-20. (Collectively, the "School Closure EOs").

17.    Defendant's EO 20-28, issued June 12, 2020, states that "Oregon's institutions of higher education play a critical role in the social and economic wellbeing of our state.  It is important, as we navigate reopening Oregon, and the challenges to come, that we ensure that higher education institutions can fulfill their missions while also protecting the health and wellbeing of their students, faculty, staff, administration, and broader communities."  I "am ordering the following: …For purposes of this Executive Order, 'colleges and universities' include "public universities listed in ORS 352.002, a community college operated under ORS chapter 341, and degree-granting private colleges and universities that operate in Oregon." And "in-person instruction, research, and residential activities at colleges and universities may only take place" if they comply with "requirements for face coverings, physical distancing, sanitization, monitoring, and isolation procedures."  This EO may "be enforced as permitted under ORS 431A.010.  In addition to any other penalty that may be imposed under applicable laws, any person, business, or entity found to be in violation of this Executive Order" is "subject to the penalties described in ORS 401.990."  The provisions of this EO "are effective June 14, 2020, and remain in effect until terminated by the Governor."

18.    EO 20-30, issued June 30, 2020, states that "as recent large-scale outbreaks tied to" a "house of worship demonstrate, spikes in cases can occur rapidly."  EO 20-30

Page 4 - PLAINTIFFS' FIRST AMENDED COMPLAINT

continues EO 20-27 without modification.  EO 20-27, issued June 5, 2020, states, in relevant part, that "cultural, civic, and faith-based gatherings of more than 25 people are prohibited."

19.    Defendant violated the First Amendment and parallel provisions of the Oregon Constitution by unilaterally decreeing that "public universities" must remain open for in-person classes, but "houses of worship" and "faith-based gatherings" are "prohibited."  In terms of the claimed public health risks, there is no difference between these two sets of entities.  For example, Defendant provides no reason why the coronavirus would spread more quickly at a "faith-based gathering," or a Christian elementary or high school, than in an Oregon State University classroom.  That makes Defendant's EOs arbitrary, irrational, unconstitutional, and unenforceable as to Plaintiffs.  This is why Plaintiffs brought this action to enforce their federal and state constitutional rights.

20.    Fear of the coronavirus epidemic has gripped Oregon, the nation, and the world.  In response to the initial surge in coronavirus cases, numerous states imposed "stay-at-home" orders in order to "flatten the curve" of the spread of the virus.  Due to the unified efforts of the American people, the curve has flattened nationally and in Oregon.

21.    In many states, these stay-at-home orders protect the constitutional rights of religious entities and believers during the epidemic, but not so in Oregon.  Defendant, through her EOs, declared religious entities nonessential and commanded them to shut down. Defendant's actions during the epidemic demonstrate an illegal and discriminatory hostility to religious practices, beliefs, and, institutions, and people of faith.  She has violated the fundamental religious liberties of Oregonians in violation of the First Amendment's Free Exercise Clause and parallel provisions of the Oregon Constitution, Article 1, Sections 2 and

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

3.

22.    Plaintiffs sincerely believe that, especially in these uncertain times, they and other Oregonians need the spirit of Almighty God.

23.    Oregon's religious schools are no less "essential" than its public universities to the health and wellbeing of its residents.

24.    Defendant has intentionally denigrated Oregon's religious schools and people of faith by relegating them to second-class citizenship.

25.    Defendant has no compelling justification for her discriminatory treatment of Plaintiffs and other religious schools.  Nor has she attempted to tailor her EOs to the least restrictive means necessary to meet any arguable compelling interest.

26.    The plaintiff schools intend to reopen in early November, 2020.  Plaintiffs justifiably fear arrest and prosecution if they do so without immediate relief from this Court.

27.    Plaintiffs seek temporary and permanent injunctive relief against Defendant's EOs.

28.    Defendant shuttering the plaintiff schools is illegal and unconstitutional on its face and as applied to Plaintiffs under the U.S. and Oregon Constitutions.

29.    Plaintiffs sincerely believe and teach the Gospel of Jesus Christ to their students and children.

30.    Among other beliefs, Plaintiffs believe that the entire Holy Bible, Old and New Testaments, are a completed and infallible work called the Word of God.  This work contains a completed revelation of God for mankind and is the final authority for all Christian and Catholic faith and practice.

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

31.     Plaintiffs are passionate to share the love of God with their students and children, who form what they believe is their Christian school family.

32.     The assembly of Plaintiffs' students and teachers, the communal prayer and singing, and the informal conversation and fellowship among school members are all essential parts of a functioning Christian and Catholic school.  Schoolwide weekday mass is part of the curriculum of religious instruction for plaintiff students who attend Catholic schools of which they are being deprived.  Also, Catholic students cannot participate in communion from home.

33.     Plaintiffs' students and children cannot truly learn the Christian faith from home without forfeiting many of the great spiritual and religious benefits and comforts they receive from the plaintiff schools.  Zoom meetings are not the same as attending a Christian and Catholic school in-person in fellowship with other students and the faculty.

34.     Defendant illegally shuttered the plaintiff schools by declaring them "nonessential" and forbidding Oregon residents from leaving their homes to attend religious schools in-person.  Defendant's EOs are facially unconstitutional in violation of the federal and state constitutional rights to the free exercise of religion, free speech, free assembly, and freedom of association.

35.     The COVID-19 epidemic is in a much different place today than it was in March 2020.  At this point, it is widely reported that the epidemic "curve" has been substantially "flattened" statewide.

36.     There is no attempt at tailoring in the EOs, much less "narrow" tailoring. Most religious elementary and high schools in Oregon have been shuttered.  This has now

Page 7 - PLAINTIFFS' FIRST AMENDED COMPLAINT

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

gone on for over six months, and with no end in sight.

37.    Regardless of Defendant's purported reasons for this disparate treatment of
Plaintiffs and public universities, they cannot survive constitutional scrutiny.  Under the Free
Exercise Clause, a law is not generally applicable, and thus triggers strict scrutiny, when it
"fails to prohibit nonreligious conduct that endangers" the government's interest "in a similar
or greater degree" than the prohibited religious conduct. *Church of the Lukumi Babalu Aye,
Inc. v. City of Hialeah*, 508 U.S. 520, 542 (1993).  That is exactly what Defendant's EOs do.
They do not survive strict scrutiny.

38.    Plaintiffs are willing to comply with proper constitutional and safety
guidelines, provided by government officials with authority to issue those guidelines.  But
they cannot abide an indefinite shutdown of their religious schools while, for no legitimate
reason, Defendant keeps Oregon's public universities open, among other entities.

## COUNT I
## VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION—SUBSTANTIVE DUE PROCESS—42 U.S.C. § 1983

39.    Plaintiffs incorporate all preceding paragraphs.

40.    The substantive right to Due Process of Law under the Fourteenth
Amendment, which protects plaintiffs' fundamental property interests in conducting lawful
business activities, was violated by Defendant as alleged herein.

41.    Under the Due Process Clause of the Fourteenth Amendment, no State shall
"deprive any person of life, liberty, or property, without due process of law."

42.    Defendant's School Closure EOs compelled the closure of the physical operations
of all K-12 schools and threatened criminal prosecution for those who violate these EOs.

Page 8 - PLAINTIFFS' FIRST AMENDED COMPLAINT

43.    On July 27, 2020, Defendant announced that schools could not hold in-person classes unless rates of coronavirus infections stayed at 5% or less for at least three weeks and fewer than 10 cases per 100,000 residents are diagnosed in the seven days prior to reopening.

44.    On July 28, 2020, Defendant announced that there would be exceptions to Defendant's School Closure EOs.  If a school district cannot meet all these metrics, schools may provide in-person education for students in kindergarten through third grade "to the extent possible under the reopening plans." In addition, remote and rural school districts with less than 100 students and remote and rural private schools with less than 100 students may also offer onsite instruction.  However, schools with less than 100 students that are deemed not sufficiently rural may not reopen.

45.    The State of Oregon uses certain coronavirus data to make decisions about reopening.  Defendant refuses to release that data, including key statistics used by public health officials and Defendant's office to aid in decisions to allow phased re-openings.

46.    Defendant does not set forth with particularity what factors are considered, and provides citizens no means to challenge or appeal her decision.

47.    Defendant's classification of what schools may reopen is arbitrary and capricious.

48.    Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference.

49.    Plaintiffs have a right to protection from arbitrary action of the government.

50.    Substantive Due Process prevents the government from engaging in conduct that "shocks the conscience" or that interferes with the concept of ordered liberty.

Page 9 - PLAINTIFFS' FIRST AMENDED COMPLAINT

51.     When a government practice restricts fundamental rights such as the right to practice religion freely, assemble peacefully, speak, and associate, it is subject to "strict scrutiny," and can be justified only if it furthers a compelling government purpose, and, even then, only if no less restrictive alternative is available.

52.     Strict scrutiny applies to Plaintiffs' claims because the EOs mandate that Plaintiffs' students and faculty stay at home, infringing on their fundamental rights to freely exercise their religion, associate, and speak.  Defendant's EOs do not permit Plaintiffs to exercise these rights unless Defendant deems them "essential" or as participating in "essential" activities.

53.     Defendant's mandates are not "narrowly tailored" to further any compelling governmental interest.  Defendant has granted serial exemptions for purportedly "essential" businesses and activities.  Since these gatherings can be permitted, then Defendant may, and, therefore, must, permit Plaintiffs to engage in equivalent constitutionally protected activities on the same or similar terms.

54.     Defendant's EOs and associated Guidelines issued by Defendant, constitute arbitrary, capricious, and abusive conduct that interferes with Plaintiffs' liberty and property interests protected by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

55.     Defendant's actions constitute official policy, custom, and practice of the State of Oregon.  Defendant's actions shock the conscience of the citizens of this State and of the Court.

56.     Defendant's actions do not comport with the traditional ideas of fair play and

Page 10 - PLAINTIFFS' FIRST AMENDED COMPLAINT

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

decency.

57.    Plaintiffs have the right to pursue an education for their children and students as they shall determine and be free of governmental interference.

58.    The school shutdown is causing citizens of Oregon to lose their jobs, their livelihoods, their quality of education, and their reputations in their communities.

59.    Plaintiffs are entitled to at least nominal damages for this infringement of their rights.

60.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant is enjoined from implementing and enforcing the EOs.

61.    Under 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent statewide injunctive relief invalidating and restraining enforcement of the EOs.

62.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees under 42 U.S.C. § 1988.

## COUNT II
### VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION—PROCEDURAL DUE PROCESS—42 U.S.C. § 1983

63.    Plaintiffs incorporate all preceding paragraphs.

64.    Defendant violated the procedural right to Due Process of Law under the Fourteenth Amendment by ordering the closure of the plaintiff schools without a constitutionally-adequate opportunity for a hearing to present their cases for why their

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

schools should not be shut down for in-person classes.

65.    The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

66.    None of the following due process protections have been afforded to Plaintiffs, or any Oregon citizen as required by the United States Constitution:

      a.   the EOs are written and do not permit evaluation by a neutral arbitrator;

      b.   the EOs do not provide for an opportunity to be heard;

      c.   the EOs do not offer an opportunity to present witnesses;

      d.   the EOs do not permit an opportunity to cross examine witnesses;

      e.   the EOs do not provide for a reasoned decision; and,

      f.   the EOs do not provide for an opportunity for an appeal.

67.    Defendant's EOs and associated Guidance do not provide due process protections set forth herein.

68.    All fundamental rights comprised within the term "liberty," including, but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of one's own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

69.    Defendant's EOs deprive Plaintiffs, their employees, their students, and the students' parents of fundamental property rights without due process of law, based solely upon the discretion of Defendant, which discretion is not subject to appeal rights.

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon 97204
Telephone: 503-224-5006

## COUNT III
## VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION—EQUAL PROTECTION—42 U.S.C. § 1983

70.     Plaintiffs incorporate all preceding paragraphs.

71.     The Fourteenth Amendment to the U.S. Constitution states, in relevant part, that no state may "deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection Clause requires governments to act in a rational and non-arbitrary fashion.

72.     Defendant's actions in classifying some businesses, schools, gathering places, and childcare facilities as unsafe and subject to closure, while others with similar characteristics in terms of building structure, capacity, density, and age of occupants as safe and allowed to open are arbitrary and irrational given that there has never been such a classification of this business activity, and Defendant's attempts to classify such categories is unproven.

73.     Defendant's actions are therefore a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

74.     On August 11, 2020, Defendant announced plans to ease school closure restrictions previously implemented on some schools (including rural schools), and not others.

75.     The easing of restrictions for some schools, and not others, is not rational, and is an arbitrary exercise of Defendant's executive power.

76.     Defendant's plan is nothing more than an arbitrary decision-making tool that relies largely on her speculation.

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

77.    Defendant's decision not to ease school closures for all schools impedes Plaintiffs' fundamental right to use their private property without the government imposing arbitrary or irrational restrictions on the use of the property.

78.    Defendant's actions will cause Plaintiffs to be completely deprived of the use and control of their private property while schools in other counties will be authorized to operate.

79.    As such, Defendant's intention to not ease the school closure Orders for some schools, but to ease the school closure Orders for other similarly situated schools, will continue to cause harm to the former, the residents and students thereof, as they will be prohibited from operating their schools pursuant to Defendant's EOs.

### COUNT IV
### VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION—EXPRESSIVE ASSOCIATION—42 U.S.C. § 1983

80.    Plaintiffs incorporate all preceding paragraphs.

81.    The First Amendment provides protection for freedom of association in the context of expressive association.

82.    Expressive association includes, but may not be limited to, speech, assembly, press, petitioning government for grievances, and the free exercise of religion.

83.    Unlike individuals attending a church service or Bible study, the student body of religious schools consist of students who participate with the religious activity of the school as an extension of their academic study.  The plaintiff schools are religious-academic organizations and businesses with the right to expressive association.

84.    Defendant's School Closure EOs violate the freedom of association clause of

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

the First Amendment to the U.S. Constitution insofar as expressive advocacy cannot take place because of Defendant's School Closure EOs.

85.    This expressive association is a right protected by the First Amendment and is directly and completely prohibited and/or curtailed by Defendant's School Closure EOs.

86.    The harm being perpetrated is ongoing and will continue or may continue in the future unless enjoined, and constitutes significant and various violations of constitutional rights guaranteed by the U.S. Constitution.

**Free Speech**

87.    Plaintiffs' rights to speak freely, peaceably assemble, and freely associate are protected by the Free Speech Clause of the First Amendment to the U.S. Constitution.  These protections constrain Defendant through the Due Process Clause of the Fourteenth Amendment.

88.    The actions of Defendant in threatening forcible closure, prosecution, and fines interfere with Plaintiffs' free speech by targeting and burdening their religious expression, including prohibiting communal prayer and singing.

89.    The School Closure EOs are not valid time, place, or manner restrictions on Plaintiffs' speech because they burden substantially more speech than necessary to achieve the government's interests and do not leave open ample alternative channels of communication.  They violate the Free Speech Clause of the U.S. Constitution both on their face and as applied to Plaintiffs.

90.    Defendant's School Closure EOs do not serve any compelling government interest, and are not narrowly tailored to accomplish any government interest, compelling or

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

otherwise, in the least restrictive manner.  They are not reasonable time, place, or manner restrictions because they burden substantially more speech than necessary to achieve the government's claimed interests, and do not leave open ample alternative channels of communication.

## Freedom to Assemble and Freely Associate

91.    Plaintiffs' rights to peaceably assemble and freely associate are protected by the First Amendment to the U.S. Constitution.  Those protections constrain Defendant through the Due Process Clause of the Fourteenth Amendment.

92.    The actions of Defendant in threatening forcible closure, prosecution, and fines under the School Closure EOs interfere with Plaintiffs' freedom to assemble and freely associate by prohibiting daily communal activity in their school buildings.

93.    The School Closure EOs do not serve any compelling government interest and are not narrowly tailored to accomplish any government interest, compelling or otherwise, in the least restrictive manner.  They also are not reasonable time, place, and manner restrictions because they burden substantially more speech than necessary to achieve the government's claimed interests and do not leave open ample alternative channels of communication.

94.    The School Closure EOs violate the freedom to peaceably assemble and freely associate protected by the First Amendment both on their face and as applied to Plaintiffs.

## Free Exercise of Religion

95.    The School Closure EOs violate the Free Exercise Clause of the First Amendment on their face and as applied to Plaintiffs.

Page 16 - PLAINTIFFS' FIRST AMENDED COMPLAINT

96.    The actions of Defendant in threatening forcible closure, prosecution, and fines interfere with Plaintiffs' free exercise by prohibiting religious activity in their school buildings, and otherwise prohibiting and interfering with Plaintiffs' religious practices. The School Closure EOs interfere with Plaintiffs' ability to carry out their religious doctrine, faith, and mission.

97.    Religious schools serve as an "essential" service. The educational, psychosocial, and emotional wellbeing of Plaintiffs' students and children must take precedence. Not only is the wellbeing of Plaintiffs' students and children on the line during the pandemic, but so is the plaintiff schools' viability as religious organizations. The plaintiff schools will suffer drastically should they not be allowed to gather in-person for school immediately.

98.    Plaintiff HCS has been serving families in Oregon as a private Christian School since 1977. It is the only PK-12 private school within 30 miles of Hood River. Its mission is to build a solid foundation for life by providing students with an excellent education that integrates academic achievement, Biblical truth, and Christian character development. It pledges to be an educational community that faithfully models the Christian life for the glory of God. Its vision is based on the example of Jesus Christ. HCS believes that for it to be on mission, and to fulfill its stated vision and mission, its students need to experience on-campus, in-person learning. The American Association of Pediatrics says: "The importance of in-person learning is well-documented, and there is already evidence of the negative impacts on children because of school closures in the Spring of 2020." HCS experienced this firsthand when one of its students, 13 years-old, committed suicide at the

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

end of this Spring.  It seemed to be the result of being isolated from her classmates.  This is not mere speculation.  The Centers for Disease Control and Prevention reports a widespread increase in anxiety, depression, substance abuse, and suicidal ideation among the population. Young people have been especially hard hit, with over 25 percent of those ages 18–24 experiencing suicidal ideation.  HCS never wants to experience that again, and is further committed to having on-campus learning.

99.     Defendant's School Closure EOs force HCS to operate in a manner antithetical to its sincere religious beliefs, including the deprivation of the personal connections in education it values.  If comprehensive distance learning is the only option available, HCS will be damaged, for example, as follows: Its commitment to its current and potential families over the past several months has been that it will have on-campus, in-person learning.  Because of the desire of its families to have on-campus learning, they made financial commitments to HCS.  Nearly one-third, or about 60 current students, and 30 new students, would unenroll.  With the average tuition around $8,000, this could mean a financial loss of about $720,000.  HCS may not be able to survive that kind of financial loss. It is also not able to keep all teachers due to families unenrolling.  It may have to terminate 4 or 5 full-time teachers.  Safety for students is the number one priority of HCS and its parents. When HCS is able to be on mission and focusing on its vision, the safety of its students is most important.  But that safety is not just physical.  HCS and its families are committed to not only the physical safety, but the emotional, social, and spiritual safety of every student. This cannot be fully realized in distance learning.  HCS and the other plaintiffs are willing and prepared to follow the Ready School, Safe Learners guidelines to have on-campus

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

learning.

100.    If Defendant's School Closure EOs remain in force, a minimum of about 40

students would unenroll from plaintiff LCS.  In addition, 20 other students have already

unenrolled from LCS due to the uncertainty about whether in-person education will be

allowed.  60 withdrawn students at its elementary tuition price of $6,662 would result in a

loss of income surmounting to $399,720.  It is also possible that significantly more students

may unenroll from LCS due to Defendant's School Closure EOs.  A loss of income of this

magnitude would decimate LCS.  Current enrollment for the 2020-21 school year is at 175

students.  LCS has 24 employees.  If faced with this financial difficulty, employee

terminations will be imminent.  For example, the afterschool program teachers, one

preschool teacher, one Kindergarten teacher, and one First Grade teacher, and other positions

would need to be potentially terminated.  Prior to the recent EOs, LCS enrollment numbers

showed the necessity for two first grade teachers.  Also, following Defendant's EO

guidelines, LCS needed two teachers for that grade to safely follow the required safe learning

protocols.  LCS hired a second First Grade teacher to meet the guidelines and requirements

first established in June for the "Ready Schools, Safe Learners" protocols.  147 families

would be impacted by keeping the doors shut to LCS.  Its Registrar has given numerous

school tours to families strongly interested in enrolling their children at LCS.  Those families

have stated that their decision to enroll at LCS is contingent upon whether or not LCS will be

able to meet for in-person education.  LCS Preschool classes would see further unenrollment

based on Defendant's EOs not including preschool as one of the grades that would be

required to meet in-person.  Should annual revenue decrease by almost $400,000, the

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

viability of LCS will suffer tremendously, and extreme budget cuts will be consequential.

LCS has been committed to educating the leaders of tomorrow for over 20 years.  Its mission

to provide an environment where students K-12 can be transformed by God and in turn

transform the world around them is at risk of permanently ending due to Defendant's EOs.

### Religious Expression

101.    Although a student might be able to attend school via technological tools such

as video or audio conference, not all students have access to or own such technology.

Further, the religious expression of students at the plaintiff schools is defined by gathering

physically in groups for prayer and other forms of expressive worship and education.  To

forbid this is tantamount to cruelty.

102.    Plaintiffs have no adequate remedy at law and will suffer serious and

irreparable harm to their constitutional rights unless Defendant is enjoined from

implementing and enforcing her COVID-19 EOs.

103.    Plaintiffs are entitled to at least nominal damages for this infringement of their

rights.

104.    Under 42 U.S.C. §§ 1983 and 1988, and FRCP 65, Plaintiffs are entitled to

declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating

and restraining enforcement of Defendant's School Closure EOs.

105.    Plaintiffs found it necessary to engage the services of private counsel to

vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys'

fees under 42 U.S.C. § 1988.

Page 20 - PLAINTIFFS' FIRST AMENDED COMPLAINT

**COUNT V**
**VIOLATIONS OF THE OREGON CONSTITUTION –**
**FREE EXERCISE OF RELIGION**

106.    Plaintiffs incorporate all paragraphs above.

107.    Plaintiffs' religious activities are protected by the Free Exercise Clauses of the

Oregon Constitution.  Article 1, Sections 2-3 state that "all men shall be secure in the Natural

right, to worship Almighty God according to the dictates of their own consciences;" and "no

law shall in any case whatever control the free exercise, and enjoyment of religeous [sic]

opinions, or interfere with the rights of conscience."

108.    The actions of Defendant in threatening forcible closure, prosecution, and

fines interfere with Plaintiffs' free exercise rights by prohibiting religious activity in school

buildings and otherwise prohibiting and interfering with Plaintiffs' religious activities.

109.    Defendant's EOs interfere with Plaintiffs' ability to carry out their religious

doctrine, faith, and mission.

110.    The EOs do not serve any compelling government interest and are not

narrowly tailored to accomplish any government interest, compelling or otherwise, in the

least restrictive manner.

111.    The EOs violate the Free Exercise Clauses of the Oregon Constitution on their

face, and as applied to Plaintiffs.

112.    Plaintiffs have no adequate remedy at law and will suffer serious and

irreparable harm to their constitutional rights, including the permanent end of their schools,

because of financial difficulties the School Closure EOs cause unless Defendant is enjoined

from implementing and enforcing the EOs against Plaintiffs.

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

## COUNT VI
## DECLARATORY JUDGMENT—28 U.S.C. § 2201

113.    Plaintiffs incorporate all preceding paragraphs.

114.    As set forth herein, Defendant has and will continue to enforce the EOs against Plaintiffs.  An actual controversy exists between Plaintiffs and Defendant as to whether Defendant possesses the power and authority to issue and enforce the EOs.  An actual controversy exists between Plaintiffs and Defendant as to whether Defendant has the power and authority to issue an EO providing for any additional extension of the prohibitions set forth in her other EOs.

115.    Soon after issuing EO 20-03, Defendant began issuing a series of related EOs purportedly aimed at preserving the public health and safety.

116.    Defendant issued EO 20-12 on March 23, 2020.  In it, Defendant states that "it is essential to the health, safety, and welfare of the State of Oregon that, to the maximum extent possible, individuals stay at home or at their place of residence consistent with the directives set forth in my Executive Orders and guidance issued by the Oregon Health Authority."  It also prohibits what Defendant deems "non-essential social and recreational gatherings of individuals, outside of a home or place of residence" regardless of size "if a distance of at least six feet between individuals cannot be maintained."

117.    Although EO 20-12 makes no specific reference to gatherings at religious schools, neither does it distinguish between gatherings that Defendant deems "essential" and those she deems non-essential by her.  EO 20-12 at least implicitly impinges on Plaintiffs' free exercise of religion as protected under Article 1, §§ 2 and 3 of the Oregon Constitution, and the right to peaceably assemble and associate as protected under Article l, § 26 of the

KAEMPF LAW FIRM PC
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

Oregon Constitution, and the First Amendment to the U.S. Constitution.

118.    Although Plaintiffs believe, not unreasonably, that EO 20-12 impinges on their constitutionally protected rights to peaceably assemble, associate, speak, and exercise their religious beliefs, Plaintiffs have complied with Defendant's EOs.  That is because failure to comply with EO 20-12 is punishable as a Class C misdemeanor under ORS 401.990. Plaintiffs do not want to expose themselves to criminal liability, nor do they want their students, or their students' parents or guardians, to do so because they could face a 30-day jail sentence and/or a fine of up to $1,250.

119.    Plaintiffs believe the breadth of EO 20-03 and related EOs implementing it are no longer justified.  Based on the last line of EO 20-12, however, Plaintiffs do not know how long it will be, if ever, until Defendant lets them resume freely exercising their constitutionally protected religious freedom rights.  But in the meantime, based on no valid distinction, Defendant allows Oregon's public universities to remain open.  That is unconstitutional.

120.    Defendant effectively declared a statewide catastrophic disaster on March 8, 2020.  However broad, the emergency powers granted to Defendant cannot exceed the bounds of the Oregon or U.S. Constitutions.

121.    Plaintiffs respectfully request that the Court declare as follows:

(a) EO 20-12 is unconstitutional as it allows Defendant to impinge on
    Plaintiffs' constitutionally protected rights for as long as she wants.

(b) The school plaintiffs are free to resume operating as they see fit, including
    holding in-person classes, with appropriate safety precautions.

Page 23 - PLAINTIFFS' FIRST AMENDED COMPLAINT

## COUNT VII
## REQUEST FOR INJUNCTIVE RELIEF

122.    Plaintiffs incorporate all preceding paragraphs.

123.    ORS 28.080 states that "further relief based on a declaratory judgment may be granted whenever necessary or proper."

124.    Specifically, under EO 20-12, Plaintiffs have been irreparably harmed through being restricted in their freedoms of religion, as protected under Article 1, §§ 2 and 3 of the Oregon Constitution, and assembly, as protected under Article I, § 26 of the Oregon Constitution.  Both rights are also protected under the U.S. Constitution's First Amendment.

125.    Plaintiffs will continue to be irreparably harmed every day that EO 20-12 and its progeny unlawfully remain in effect.

126.    Plaintiffs have no adequate remedy at law beyond injunctive relief prohibiting Defendant from enforcing EO 20-12 and any other EOs that may impinge on Plaintiffs' constitutionally protected freedoms.

127.    Based on the foregoing, the Court should grant Plaintiffs injunctive relief, starting with a preliminary injunction, which Plaintiffs request under FRCP 65, prohibiting Defendant from enforcing any of her EOs relating to the COVID-19 pandemic, and any later EO issued subsequently to, and seeking to implement, EO 20-03.

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

# PRAYER

**WHEREFORE**, Plaintiffs pray for a judgment in their favor against Defendant, and seek relief as follows:

1) a Declaratory Judgment that issuance and enforcement of Defendant's COVID-19 School Closure EOs are unconstitutional for the reasons stated herein, and that the actions of the Defendant are unlawful and unconstitutional;

2) a statewide permanent injunction prohibiting Defendant from enforcing Defendant's School Closure EOs in the manner and fashion engaged by Defendant;

3) a statewide permanent injunction restraining Defendant from preventing or interfering with communal religious activities at the plaintiff schools and the religious activities of Plaintiffs, and all similarly situated private religious schools in Oregon, wherever they occur.

4) a declaration that the rights of Plaintiffs and the citizens of the State of Oregon have been violated by the various actions of the Defendant, and she is enjoined from engaging in such violations, and declaring them to be null and void ab initio, and in addition thereto with respect to the First Amendment rights of assembly and worship as provided in the U.S. Constitution.

5) award of nominal and actual damages against Defendant.

6) award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1983 and 1988; and,

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon 97204
Telephone: 503-224-5006

7)    such other relief as this Court deems just and appropriate.

DATED: September 25, 2020.

KAEMPF LAW FIRM PC

/s John Kaempf
John Kaempf, OSB #925391
john@kaempflawfirm.com

Attorney for Plaintiffs

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

**VERIFICATION**

I, John Kaempf, declare that I have personal knowledge of the factual matters set out in this First Amended Complaint and declare under penalty of perjury that the foregoing is true and correct.

DATED:  September 25, 2020.


KAEMPF LAW FIRM PC

/s John Kaempf
John Kaempf, OSB #925391
john@kaempflawfirm.com

Attorney for Plaintiffs

**KAEMPF LAW FIRM PC**
1050 SW Sixth Avenue Suite 1414
Portland, Oregon  97204
Telephone: 503-224-5006

## CERTIFICATE OF SERVICE

I certify that on September 25, 2020, I served the foregoing  PLAINTIFFS' FIRST
AMENDED COMPLAINT by email  as follows:


Marc Abrams

marc.abrams@doj.state.or.us

OREGON DEPARTMENT OF JUSTICE
Attorney for Defendant


KAEMPF LAW FIRM PC

/s/ John Kaempf
John Kaempf OSB #925391
john@kaempflawfirm.com

Attorney for Plaintiffs