ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
ELLEANOR CHIN #061484
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
            brian.s.marshall@doj.state.or.us
            elleanor.chin@doj.state.or.us

Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HORIZON CHRISTIAN SCHOOL, an Oregon nonprofit corporation; MCMINNVILLE CHRISTIAN ACADEMY, an Oregon nonprofit corporation; and LIFE CHRISTIAN SCHOOL, an assumed business name, JOHN MONTANG, an individual; LYNN MONTANG, an individual; SARAH RODRIGUEZ, an individual; REGINA MICHELINE, an individual; JASON NISSEN, an individual; TRACIE NISSEN, an individual; DAN ALDER, an individual; DOMINIQUE BAYNES, an individual;, ALEXANDER JONES, an individual; ASHLEY CADONAU, an individual; JARROD LEVESQUE, an individual; ROBIN LEVESQUE, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> KATE BROWN, GOVERNOR OF THE STATE OF OREGON, in her official capacity only, <br><br> Defendant. | Case No.  3:20-CV-01345-MO <br><br> **PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** |

Page 1 -   **PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**
        MA/jh2/10458991-v1

## LOCAL RULE 7-1 CERTIFICATION

Marc Abrams, Assistant Attorney-in-Charge, counsel of record for Defendant Governor Kate Brown, certifies that he attempted to communicate with Plaintiffs' counsel to resolve the issues raised herein prior to seeking a decision from this Court but was unable to do so.

## PARTIAL MOTION TO DISMISS

Defendant Brown moves for an order dismissing the First Amended Complaint's Fifth Claim for Relief—alleging violations of Article I, sections 2 and 3 of the Oregon Constitution—for lack of jurisdiction over the subject or the defendant, and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2), (6).

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) and is supported by the following *Memorandum in Support of Defendant State's Partial Motion to Dismiss*.

## MEMORANDUM IN SUPPORT OF DEFENDANT STATE'S
## MOTION TO DISMISS

I.      **Standard on Motion to Dismiss.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a trial court accepts all well-pleaded allegations of the complaint as true and gives plaintiff the benefit of all favorable inferences that may be drawn from the facts alleged.

The Court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the court may take judicial notice. *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)*; MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)*.* A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271

Page 2 -    **PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**
MA/jh2/10458991-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(2$^d$ ed. 1982)).  When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Savings & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir. 1987).

## II.    The State may not be sued for state claims in Federal Court.

Plaintiffs sue Governor Brown in her official capacity.  When state officials are sued in their official capacity, it is the same as suing the State itself.  *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 429 (1945).  Plaintiffs' Fifth Claim for Relief is for alleged violations of the Oregon Constitution.  As such, it cannot be maintained in this forum against Governor Brown.

The Eleventh Amendment provides that the judicial power of the United States "shall not be construed to extend to any suit in law or equity commenced or prosecuted" against a state. The U.S. Supreme Court has held that this language bars citizens from suing states or state agencies in federal court unless the state has expressly waived its immunity from suit or that immunity has otherwise been abrogated by Congress.  *Pennhurst*, 465 U.S. at 99; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985).

Here, the Eleventh Amendment bars plaintiffs' state-law claim as against the State. A federal court lacks jurisdiction to adjudicate state law claims against state officials. *See Pennhurst*, 465 U.S. at 124–25; *see also id.* at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

A state only waives its Eleventh Amendment immunity when it expressly consents to being sued in a particular action. *Edelman*, 415 U.S. at 673 ("[we] will find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction"); *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir. 1995).  Here, plaintiff sues the State for violations of the Oregon

Page 3 -    **PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**
MA/jh2/10458991-v1

Constitution and there cannot, perforce, express a State waiver to permit suit in federal court for such claims.  Oregon has never waived its immunity from suit in federal court for such claims.

Eleventh Amendment immunity not only applies to monetary damages, but also to injunctive relief.  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the Fifth Claim for Relief should be dismissed with prejudice from this action.

*s/Marc Abrams*
MARC ABRAMS #890149
Assistant Attorney-in-Charge
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
ELLEANOR CHIN #061484
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
brian.s.marshall@doj.state.or.us
elleanor.chin@doj.state.or.us
Of Attorneys for Defendants

Page 4 -   **PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**
MA/jh2/10458991-v1