IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HORIZON CHRISTIAN SCHOOL**, an Oregon nonprofit corporation; **MCMINNVILLE CHRISTIAN ACADEMY**, an Oregon nonprofit corporation; and **LIFE CHRISTIAN SCHOOL**, an assumed business name, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**KATE BROWN**, Governor of the State of Oregon, in her official capacity only<br><br>Defendants. | Case No. 3:20-cv-01345-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

      This matter comes before me on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [108]. Plaintiffs, a coalition of Christian private schools and parents of students enrolled in them, request a temporary restraining order against Defendant Kate Brown, the Governor of Oregon, from enforcing her recent mask requirement in their schools and in religious and private schools similarly situated. *See* OAR 333-019-1015. Defendant made an appearance asking for more time to respond to this motion; Plaintiffs objected, asking for an immediate ruling. As such, I issue this opinion solely for the purpose of providing an expedited answer to this emergency motion.

1 – OPINION & ORDER

For the reasons given below, I DENY Plaintiff's Emergency Motion, but I will re-examine these issues de novo and in greater detail at a hearing for preliminary injunction.

## DISCUSSION

I DENY Plaintiffs' Emergency Motion for two reasons. First, Plaintiffs have not established that they are likely to succeed on the merits of their claims. Second, Plaintiffs have not shown that they will suffer irreparable harm if a temporary restraining order is not put in place.

Plaintiffs have not shown themselves likely to succeed on the merits because they have failed to show that a mask requirement places a substantial burden on the exercise of their religious beliefs. Courts generally take litigants' characterizations of their religious beliefs at face value. *See Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989) ("It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith…."). However, this motion presents a novel circumstance: on the record of this very case, Plaintiffs have previously expressed their complete willingness to obey the government-imposed restriction they now claim violates their religious beliefs.

On numerous occasions throughout litigation, Plaintiffs have asserted that, if allowed to return to in-person instruction, they would follow all government social distancing guidelines, including the use of masks. *See also* Compl. [1] at ¶¶ 28, 36 (asserting Plaintiffs will use face coverings if allowed to meet in person); Am. Compl. [27] at ¶38 (same); Emergency TRO Mot. [11] at 9 (same); TRO Hearing Tr. [20] at 20, 25, 28–30 (same); Emergency Mot. for Prelim. Inj. [35] at 9–10 (same); Decl. of Donald Hoffman [36] at 2 (same); Decl. of Kevin Kaplan [37] at 2 (same); Reply Mem. in Supp. of Emergency Mot. for a Prelim. Inj. [50] at 28 (same); Decl. of Ashley Cadonau [61], St John Fisher Return to School Plan at 7–8 (same); Request for an

2 – OPINION & ORDER

Immediate Ruling on Renewed Emergency Mot. for a Prelim. Inj. [70] at 5. Plaintiffs stated that, if given the ability to return to in-person education, they would be able to follow "public safety guidelines—such as wearing face coverings" while operating their schools "consistent with their sincere religious beliefs." Mot. for TRO [11] at 1. In none of these instances did Plaintiffs contend that a mask requirement would violate their religious beliefs, despite that being the core issue in the case. These are not contradictions found in some broader survey of recorded church doctrine or teachings. These are statements on the record in this very case.

This internal inconsistency on the record raises doubts as to whether a mask mandate in schools infringes on Plaintiffs' religious beliefs. Moreover, Plaintiffs have not shown that the state action here "infringe[s] upon or restrict[s] practices because of their religious motivation," or that it selectively "impose[s] burdens only on conduct motivated by religious belief." *South Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020) (quoting *Church of the Ulukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533, 543 (1993)), *inj. relief denied*, 140 S. Ct. 1613 (2020). As such, I find that Plaintiffs have failed to show that their claim is likely to succeed on the merits.

These same facts undercut Plaintiffs' claim that the institution of a mask requirement in their schools would cause irreparable harm. Though a violation of free exercise rights under the First Amendment is generally sufficient to establish irreparable harm, *see Calvary Chapel Dayton Valley v. Sisolak*, 982 F.3d 1228, 1234 (9th Cir. 2020), Plaintiffs have not adequately shown that the mask requirement violates their free exercise. Therefore, I find that Plaintiffs have not established that a temporary restraining order will protect them from irreparable harm.

3 – OPINION & ORDER

## CONCLUSION

For the reasons stated above, I DENY Plaintiffs' Emergency Motion for Temporary Restraining Order. However, because of the significance of the issues Plaintiffs have brought forward and the expedited nature of this ruling, I will allow the claim to be heard as a preliminary injunction. Nothing in this opinion shall be construed to prejudice Plaintiffs' opportunity to argue their claims at the preliminary injunction hearing.

IT IS SO ORDERED.

DATED this 30 day of August, 2021.

MICHAEL W. MOSMAN
United States District Judge